UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK A. HULS, STEVEN E. PETERSON, CATHERINE M. PETERSON, and DAVID L. SKOGLUND,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID M. MEYER and NANCY R. MEYER,<br><br>Defendants. | 4:18-CV-04126-KES<br><br><br>ORDER GRANTING<br>MOTION FOR REMAND |

Plaintiffs, Mark A. Huls, Catherine M. Peterson, Steven E. Peterson, and David L. Skoglund, filed this lawsuit in the First Judicial Circuit Court in McCook County, South Dakota. Docket 1-2. Defendants, David and Nancy Meyer, removed the case to this court. Docket 1. Plaintiffs filed a motion to remand the case to state court. Docket 3. Defendants resist the motion. Docket 8. For the reasons stated orally at the hearing and below, plaintiffs' motion for remand is granted.

## BACKGROUND

On January 4, 2018, plaintiffs served a copy of the initial complaint (Docket 1-2) upon defendants. Docket 1 ¶ 1. Plaintiffs brought suit to settle disputes between the parties in regards to four LLCs and the LLCs' leases. Docket 1-2 ¶¶ 12-18. The initial complaint contained six requests for relief.

Docket 1-2 ¶ 19. Plaintiffs requested a detail accounting, a restraining order, the dissolution of several limited liability companies and the division of the proceeds, attorney fees for violation of an operating agreement, the cost of the action, and whatever the court deemed equitable. *Id.* On September 14, 2018, the First Judicial Circuit Court granted plaintiffs leave to amend their initial complaint. Docket 1 ¶ 2. On September 20, 2018, plaintiffs served the amended complaint (Docket 1-34) upon defendants. *Id.* This amended complaint contained new requests for relief. *See* Docket 1-34 ¶ 63.

On September 27, 2018, defendants filed a notice of removal with this court. Docket 1. On October 9, 2018, plaintiffs filed a motion for remand and a motion for an expedited hearing. Docket 3; Docket 4. On October 22, 2018, a hearing was held before the court. Docket 15. The court gave an oral finding that the case was initially removable and granted plaintiffs' motion for remand. *Id.*

## DISCUSSION

**I.    Remand**

A defendant may remove a civil action that was filed in state court to federal court if the federal district court has original jurisdiction. 28 U.S.C. § 1441(a). A federal district court has original jurisdiction of civil actions where the amount in controversy is more than $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a). Removal must be timely. *See* 28 U.S.C. § 1446. Notice of removal must be filed within 30 days after the defendant

receives "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

Here, plaintiffs argue that the case was initially removable and that defendants did not timely file a notice of removal. Docket 5 at 3. The court agrees. Based on the initial complaint, the court finds the case was initially removable. First, the parties are diverse. Both parties acknowledge complete diversity exists. *See* Docket 1 ¶ 10; Docket 1-2 ¶¶ 1-4. Second, the amount in controversy exceeded $75,000. "[I]n a suit for declaratory or injunctive relief[,] the amount in controversy is the value to the plaintiff of the right that is in issue." *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1018 (8th Cir. 2010). Plaintiffs' request for relief included detailed accounting, the dissolution of the LLCs, and attorney fees for violation of an operating agreement. Docket 1-2 ¶ 19.

Here, in the initial complaint, plaintiffs seek dissolution of four LLCs that are jointly owned by the parties. The value of plaintiffs' interests upon dissolution of the LLCs would be significantly more than $75,000. *See Delta Fin. Corp. v. Paul D. Comanduras & Assocs.*, 973 F.2d 301, 304 (4th Cir. 1992) (holding the dissolution of a partnership and the liquidation of its assets could establish that value of the plaintiff's interest upon dissolution would satisfy the amount in controversy). In 2011, the property owned by each LLC was appraised. Dockets 13-3, 13-4, 13-5, 13-6. Magnum 43, LLC's assets were appraised at $815,000. Docket 13-3. Windmill Ridge, LLC's assets were appraised at $825,000. Docket 13-4. Rawhide, LLC's assets were appraised at

3

$815,000. Docket 13-5. Remington, LLC's assets were appraised at $815,000. Docket 13-6. Additionally, in 2013, David Meyer put together a balance sheet that detailed his assets. Docket 13-7. The balance sheet shows his investments in each of the LLCs were: $236,636 in Magnum, LLC; $233,363 in Windmill Ridge, LLC; $228,919 in Rawhide, LLC; $352,762 in Remington, LLC. *Id.* Overall, it appears, based on the pleadings and other filings, that the damages plaintiffs seek are greater than $75,000. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). Thus, the case was initially removable.

Defendants did not remove the case within the 30-day deadline. Plaintiffs' original complaint was filed in state court on January 4, 2018. Docket 1-2. To be timely, defendants must have filed their notice of removal by February 5, 2018. Defendants, however, did not give notice of removal until September 27, 2018. Docket 1. Thus, defendants' notice of removal was not timely filed. The court remands the case.

## II. Attorney Fees and Sanctions

Because this court has ordered the case to be remanded, the payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" may be required. 28 U.S.C. § 1447(c). The standard for awarding fees turns on the reasonableness of the removal. *Convent Corp. v. City of N. Little Rock*, 784 F.3d 479, 483 (8th Cir. 2015). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.

Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, the court finds that there was an objectively reasonable basis for removal. First, the court takes into consideration the lack of case law determining the amount in controversy when a complaint seeks the dissolution of an LLC and the division of its assets. Second, the amended complaint added new causes of actions that clearly put defendants on notice that plaintiffs were seeking damages over the amount in controversy threshold. Thus, the court denies awarding fees to plaintiffs because an objectively reasonable basis for removal existed.

Additionally, the court denies plaintiffs' request for sanctions under Fed. R. Civ. P. 11. Plaintiffs failed to properly file the motion for sanctions. Rule 11(c)(2) requires a motion for sanctions be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). Here, plaintiffs did not file the motion for sanctions separately. Plaintiffs, instead, filed the motion for sanctions jointly with their motion to remand and motion for attorney fees. Docket 3. Plaintiffs also failed to state any specific conduct on the part of defense counsel that violates Rule 11(b). So, the court denies plaintiffs' request for sanctions.

## CONCLUSION

The original complaint filed by plaintiffs in the First Judicial Circuit Court was initially removable because the parties were diverse and the amount

in controversy was satisfied. Defendants filed their notice of removal after the 30-day deadline. Thus, removal was untimely. It is

ORDERED that plaintiffs' motion for remand (Docket 3) is granted, and it is

FURTHER ORDERED that plaintiffs' motion for attorney fees and sanctions (Docket 3) is denied.

DATED October 25, 2018.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE